**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GREGORY NICHOLS**                                                      **PETITIONER**

**VS.**                      **4:00CR00022-03-WRW
4:05CV00626-WRW**

**UNITED STATES OF AMERICA**                               **RESPONDENT**

**ORDER**

Pending is Petitioner's Motion to Reconsider Order Denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255,[1] to which the Government responded.[2] For the reasons stated below, Petitioner's Motion is Denied and Dismissed.

**I.  Background**

Petitioner was convicted on February 16, 2002, and on August 6, 2003, his conviction was affirmed.[3] In the summer of 2004, Petitioner filed his first Motion to Vacate.[4] In this Motion, and in his Reply to the Government's Response,[5] Petitioner alleged "ineffective assistance of counsel," and alleged that he was entitled to the sentencing guidelines' "safety valve" provision.  Petitioner did not include this "safety valve" issue as part of his "ineffective

---

[1]Doc. No. 362.

[2]Doc. No. 363.

[3]*United States v. Ghant*, 339 F.3d 660 (8th Cir. 2003).  Doc. Nos. 317 and 318.

[4]Doc. No. 349.  (The original motion was served on the Government, but was not filed with the District Clerk.  The Government responded in July 2004, and Petitioner replied in August 2004.  The Motion to Vacate was finally filed with the Clerk in April 2005).

[5]Doc. No. 338.

assistance of counsel" allegations but, instead, argued that this provision should have been applied to determine his sentence. Petitioner's Motion to Vacate was denied and dismissed on November 4, 2005.[6] However, a Judgment under Rule 58 was not entered.[7] At the time that the first Motion was filed, Petitioner was *pro se*.

On March 16, 2006, two lawyers entered their appearance for Petitioner,[8] and filed a Motion for Reconsideration.[9] This motion alleges that Petitioner is entitled to an evidentiary hearing on the ineffective assistance of counsel claim, as it pertains to the "safety valve" issue. Petitioner asserts that, but for his attorney's failure to explain this provision, he would have been sentenced to less prison time. Petitioner argues that his attorney deprived him of an opportunity to make an informed decision during the sentencing process.

Petitioner alleges that this part of his ineffective assistance of counsel claim was "misunderstood" or "overlooked"[10] in the November 2005 Order. The Government counters that the motion should be dismissed for three reasons: first, it is untimely; second, it is an unauthorized, successive habeas petition; and third, it is frivolous.

**II. Authority**

---

[6]Doc. No. 358.

[7]Fed. R. Civ. P. 58 (b) (2).

[8]Doc. No. 361.

[9]Doc. No. 362.

[10]*Id.* at 9.

The district court has the inherent power to reconsider an interlocutory order any time prior to the entry of judgment.[11]  However, the Federal Rules of Civil Procedure do not mention motions for reconsideration.  Courts typically view this type of motion as a Motion to Alter or Amend Judgment under Rule 59(e), or as a Motion for Relief from Judgment or Order under Rule 60(b).[12]  Where a party files a motion for reconsideration of a non-final order, or files a motion for reconsideration of a final order more than ten days after the order was entered, then courts treat it as a Rule 60(b) motion.[13] In short, motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders.[14]

Petitioner filed his Motion to Reconsider more than ten days after the order was entered.[15] In addition, there was no Judgment entered.  Federal Rule of Civil Procedure 58 requires that "[e]very judgment and amended judgment must be set forth on a separate

---

[11]*Lovett v. General Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992).

[12]*Norman v. Ark. Dep't of Education*, 79 F.3d 748, 750 (8th Cir. 1996) (Fed. R. Civ. P. 59(e)); *Broadway v. Norris*, 193 F.3d 987, 988-89 (8th Cir. 1999) (Fed. R. Civ. P. 60(b)).

[13]*Broadway*, 193 F.3d at 989 (motion for reconsideration of a non-final order); *Searles v. Dechant*, 393 F.3d 1126, 1130 (10th Cir. 2004) (motion for reconsideration of a final order filed more than ten days after entry of the order); *Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000) (motion for reconsideration of a judgment filed more than ten days after entry of the judgment); *Baxter International, Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993) (motion to reconsider considered a second motion for relief from judgment under Rule 60(b) since it was filed more than ten days after entry of judgment on the first Rule 60(b) motion).

[14]*Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003).

[15]Motion to Reconsider was filed March 16, 2006.

document."[16]  Without a judgment, the time for appeal is extended, and, arguably, the order of dismissal is non-final.[17] Non-final orders are addressed by Rule 60(b).[18]

Under these circumstances, the Motion for Reconsideration will be treated as a motion for relief under Rule 60(b).  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[19] Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."[20] The purpose of Rule 60(b) relief is not to give parties an

---

[16]Fed. R. Civ. P. 58(b)(2).

[17]*Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006) (The separate-document requirement of Rule 58 is to be mechanically applied. A district court's failure to file the separate document required by Rule 58 means that the time period for an appeal does not begin to run.); *United States v. Little*, 392 F.3d 671 (4th Cir. 2004) (habeas petitions are civil actions, not criminal matters, therefore, the separate document requirement applies).

[18]*Broadway,* 193 F.3d at 989; *Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006).

[19] Fed. R .Civ. P. 60(b); *Inman v. American Home Furniture Placement, Inc*., 120 F.3d 117, 119 (8th Cir. 1997).

[20]*United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (*per curiam*), *cert. denied*, 484 U.S. 836 (1987).

opportunity to re-argue their case.[21] The district court has wide discretion in deciding whether or not to grant a motion under Rule 60(b), and its decision will only be reversed for clear abuse of discretion.[22]  In this case, petitioner did not allege discovery of new evidence, bad faith, that the judgment is void, or that the judgment was satisfied -- this leaves the first and last reason for relief that are set out in Rule 60.

Rule 60(b)(1) authorizes the district court to grant relief from an order based on a showing of  "mistake, inadvertence, surprise, or excusable neglect"[23] The catch-all provision in Rule 60(b)(6) requires vacating the judgment in "the interests of justice." These two sub-parts of Rule 60 (b) are discussed more fully below.

Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels."[24]  Under Rule 60 (b)(1), the term "excusable neglect" includes situations where the failure to comply with a filing deadline is caused by negligence.[25] It is generally held that "excusable neglect" under Rule 60(b) does not include ignorance or carelessness on the part of an attorney,[26] and it does not provide relief

---

[21]*Id.*

[22]*Baxter Int'l Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993).

[23]*Smith v. American Airlines, Inc*., 414 F.3d 949 (8th Cir. 2005).

[24]*In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989).

[25]*Union Pac. R.R. v. Progress Rail Servs. Corp*., 256 F.3d 781, 782 (8th Cir. 2001) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 394 (1993)).

[26]*Hunt v. City of Minneapolis*, 203 F.3d 524, 528 (8th Cir. 2000); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969).

because a party forgot to present facts and arguments, before the matter was decided.[27] Along the same line, a mistake of law does not amount to excusable neglect.[28]

Relief under Rule 60(b)(1) for judicial error (other than for judicial inadvertence) is never available.[29] In other words, arguing that a court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1).[30] A Rule 60 (b)(1) motion alleging judicial inadvertence must be made within the time period allowed for appeal (otherwise, such a motion could be used as a substitute for an appeal).[31]

**III. Discussion**

Petitioner argues that his *pro se* Motion to Vacate was misunderstood because my Order of November 2005[32] did not connect the "safety valve" issue with the ineffective assistance of counsel allegations. In short, Petitioner is alleging either judicial mistake or judicial inadvertence.

Petitioner's argument fails for two reasons. First, Rule 60(b) does not apply where a petitioner is arguing that the court made a mistake -- it only applies when Petitioner admits an "excusable" mistake. Petitioner does not present facts supporting such a mistake. Carelessness, ignorance of the law, and the failure to present enough facts, or make the correct legal argument

---

[27]*Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).

[28]*Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000).

[29]*Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980).

[30]*Tylon v. City of Chicago*, 97 Fed. Appx. 680 (7th Cir. 2004).

[31]*Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457 (8th Cir. 2000).

[32]Doc. No. 358.

are not considered excusable.  Second, the allegation of "judicial inadvertence" is not supported by the facts.  Petitioner's *pro se* Motion did not connect the "safety valve" allegations with the "ineffective assistance of counsel" allegations.  Petitioner asserts that a connection should have been inferred.  Failure to infer facts and legal issues which are not expressly set out in a motion does not constitute inadvertence.  Relief for judicial inadvertence is granted for obvious errors of law that are apparent on the record. [33]

Finally, the catch-all provision of Rule 60(b) does not apply because Petitioner did not show exceptional circumstances that prevented him from seeking redress through the usual channels.  Petitioner was given every opportunity to present his case.

**IV.  Conclusion**

Petitioner's Motion for Reconsideration and Request for an Evidentiary Hearing is DISMISSED.

IT IS SO ORDERED this 28th day of November, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[33] *Fox v. Brewer*, 620 F.2d 177 (8th Cir. 1980).